IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
AUG 17 2022
RICK WARREN
COURT CLERK

1. NOAH T. AUSTIN, )
   )
   Plaintiff, ) CJ-22- CJ-2022-3975
   )
v. )
   ) JURY TRIAL DEMANDED
   ) ATTORNEY LIEN CLAIMED
1. BIMBO BAKERIES USA, INC., )
   )
   Defendant. )

## PETITION

**COMES NOW** the Plaintiff, Noah T. Austin, and hereby pleads as follows:

### PARTIES

1. The Plaintiff is Noah T. Austin, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is Bimbo Bakeries USA, Inc., a corporation doing business in Oklahoma County, Oklahoma.

### VENUE

3. The Plaintiff asserts claims for disability discrimination, including failure to accommodate and retaliation after Plaintiff requested disability-related accommodations, in violation of the Americans with Disabilities Act (ADA) and Oklahoma's Anti-Discrimination Act (OADA); and retaliation for Plaintiff requesting to use FMLA leave in violation of the Family Medical Leave Act.

4. Venue is proper under 18 Okla. St. § 417 as the Plaintiff resides in Oklahoma County and the Defendant does business in Oklahoma County, Oklahoma.

### STATEMENT OF FACTS

5. Defendant employed at least fifty employees within seventy-five road miles of Plaintiff's work location, during at least twenty weeks of the current or

EXHIBIT 1

1

proceeding calendar year and is an employer under the ADA and FMLA. There is no minimum employee requirement to be an employer under the OADA.

6. The Plaintiff was employed by the Defendant from around August 2014 until around August 26, 2021.

7. The Plaintiff was involuntarily terminated around August 26, 2021.

8. At the time of his termination the Plaintiff held the job title of Brake Relief/Machine Operator.

9. The Plaintiff was qualified for his job position and performed satisfactorily.

10. The Plaintiff suffers from Degenerative Disc Disease and related conditions which, without the ameliorative effect of mitigating measures, would substantially limit at least one major life activity (including major bodily function) such as standing and/walking.

11. For the reasons discussed in Para. 10 the Plaintiff suffers from one or more actual disabilities and has a record of a disability.

12. The Plaintiff had been assigned to work on a machine known as a Bread Molder.

13. However, around August 26, 2021 the Plaintiff's immediate supervisor, Terry Rice, assigned Plaintiff to work on a machine known as the "Bread Divider".

14. The "Bread Divider" is a machine that requires the employee to engage in repeated heavy lifting.

15. Plaintiff had previously requested the ability to not work on machines that required substantial and repeated heaving exertion and/or heavy lifting because of his disability.

16. When learning he had been assigned to the "Bread Divider", Plaintiff explained his back condition to Mr. Rice and asked for the reasonable accommodation of not being required to work on the "Bread Divider" machine.

17. Plaintiff asked permission to use FMLA leave if the Defendant claimed not to have any work for him to perform that would accommodate his back condition.

18. In response, Mr. Rice became angry, accused Plaintiff of being insubordinate, and suspended the Plaintiff's employment.

19. Defendant did not offer a reasonable accommodation for his disability.

19. The Plaintiff was terminated soon thereafter.

20. Defendant never gave Plaintiff a reason for his termination, but never allowed him to return to work.

21. Around September 3, 2021 the Plaintiff learned that Defendant had terminated his health insurance benefits.

22. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present, and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm such as worry, frustration, sadness and similar unpleasant emotions.

23. At the least, significant factors in the decision to terminate the Plaintiff include his disability (including his actual disability, his record of a disability and/or because Defendant regarded Plaintiff as disabled), his request for accommodations and/or his request for FMLA leave. Such reasons may also be but-for causes of Plaintiff's termination.

24. Plaintiff has exhausted his administrative remedies by timely filing an EEOC charge of discrimination on October 12, 2021. The EEOC issued Plaintiff his right to sue

letter on June 2, 2022 and Plaintiff received such letter thereafter. This petition is timely filed within ninety (90) days of Plaintiff's receipt of his right to sue letter.

## COUNT I

Plaintiff incorporates the above paragraphs and further alleges:

25. Discrimination on the basis of disability, including failure to offer a reasonable accommodation and retaliation after requesting accommodations, violates the Americans with Disabilities Act.

26. Under this Count the Plaintiff is entitled to his wage loss (including back, present and front pay along with the value of benefits associated with such wages) and compensatory damages including emotional distress damages.

27. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's federal rights, the Plaintiff is entitled to punitive damages.

28. Plaintiff is also entitled to reinstatement, a declaratory judgment in his favor and against Defendant and attorney fees/costs.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

29. Discrimination on the basis of disability, including failure to offer a reasonable accommodation and retaliation after requesting accommodations, violates Oklahoma's Anti-Discrimination Act.

30. Under this Count the Plaintiff is entitled to back pay and benefits.

31. Plaintiff is entitled to liquidated damages in an amount equal to his back pay and benefits.

32. Plaintiff is also entitled to reinstatement, a declaratory judgment in his favor and against Defendant and attorney fees/costs.

## COUNT III

33. Retaliation against an employee for requesting FMLA leave violates the FMLA.

34. Under this Count the Plaintiff is entitled to back pay and benefits.

35. Plaintiff is entitled to liquidated damages in an amount equal to his back pay and benefits.

36. Plaintiff is also entitled to reinstatement, a declaratory judgment in his favor and against Defendant and attorney fees/costs.

## PRAYER

The Plaintiff requests this Court award all relief, including equitable and monetary relief, available under the law, including but not limited to, a declaration that Defendant violated federal and/or state law, wage and benefit loss, compensatory damages, punitive damages, liquidated damages, attorney fees and costs, reinstatement, along with all other relief allowed.

RESPECTFULLY SUBMITTED THIS 17th DAY OF AUGUST 2022.

Amber L. Hurst, OBA No. 21231
HAMMONS, HURST & ASSOC.
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

5